*HHV*

#16131

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERSWELFARE FUND, and CHICAGO REGIONALCOUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONTRACT FLOORING SERVICE COMPANY, INC.<br><br>　　　　　　Defendant. | **FILED**<br>JUN 3 0 2008 TC<br>6-30-2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>No. 08 CV 3207 |

## ANSWER

Now comes the Defendant, CONTRACT FLOORING SERVICE COMPANY, INC., by and through its attorney, STEVEN A. SIGMOND, and in Answer to Plaintiff's Complaint, states the following:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Harley Act. (29 U.S.C. Sec. 1132 and 185). Jurisdiction is founded on the existence of questions arising there under.

**ANSWER:** Defendant admits the existence of the sections listed and admits jurisdiction based upon the questions raised herein.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining

Agreements between the employers of the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. Sec. 1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations of Paragraph 2.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

**ANSWER:** Defendant admits the allegations of Paragraph 3.

4. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:** Defendant admits the allegations of Paragraph 4.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

**ANSWER:** Defendant admits the allegations of Paragraph 5

6. The Plaintiffs audited by the books and records of the defendant to verify that all contributions were submitted. The audit revealed that the Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust funds based upon the hours worked by employees and/or measured by the hours worked by

subcontractors during the period of January 2005 through March 2007. The contributions owed to the Trust Funds as a consequence of this breach are $129,358.38.

**ANSWER:** Defendant admits that an audit was done and denies all other allegations and conclusions contained Paragraph 6. Defendant specifically denies that the audit reveals a breach of the Collective Bargaining Agreement, Defendant specifically denies underpaying contributions, Defendant specifically denies that the employees audited are all carpenters or persons subject to the agreements and statutes referenced in Plaintiff's Complaint, and Defendant specifically denies that it owes contributions to the Trust Fund in the amount of $129,358.38.

7. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable cots incurred in the collective process.

**ANSWER:** Paragraph 7 is a conclusion is rather than an allegation of fact.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. 1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

11. Pursuant to 29 U.S.C. Sec. 1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

12. Pursuant to 29 U.S.C. Sec. 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

a) double interest on the unpaid contributions; or

b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

13. Pursuant to the trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded montlhy.

**ANSWER:** Defendant denies the allegations of Paragraph 8, and that Plaintiff has not done a proper or accurate audit.

**WHEREFORE,** the Defendant prays that this case so wrongfully brought be denied and dismissed with prejudice, and that attorney fees and courts costs be awarded to Defendant.

Respectfully submitted,
CONTRACT FLOORING, INC.

By: _____
Steven A. Sigmond
Attorney for the Defendant

#16131
Attorney for Defendant
Steven A. Sigmond
Law Office of Steven A. Sigmond
345 North Canal Street, Suite 1208
Chicago, Illinois 60609
(312) 258-8188