IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES of the CHICAGO REGIONAL | ) | |
| COUNCIL OF CARPENTERS PENSION FUND, | ) | |
| CHICAGO REGIONAL COUNCIL OF | ) | |
| CARPENTERS WELFARE FUND, and CHICAGO | ) | |
| REGIONAL COUNCIL OF CARPENTERS | ) | CASE NO. 08-CV-3207 |
| APPRENTICE & TRAINEE PROGRAM FUND | ) | |
| | ) | JUDGE CASTILLO |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTRACT FLOORING SERVICE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

The Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund,

Welfare Fund and Apprentice Training Fund, by their attorneys, Terrance B. McGann, Gregory

N. Freerksen of Whitfield McGann & Ketterman and the Defendant, Contract Flooring Service

Company, Inc. by its attorneys, Steven A. Sigmond of the Law Office of Steven A. Sigmond

submit the parties' Joint Status Report:

A. Nature of the Case

    a. Basis for Jurisdiction. Jurisdiction is based on Section 502 of the Employee

        Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley

        Act (29 U.S.C. Sections 1132 and 185)

    b. Relief Sought.  The Plaintiffs seek $129,358.38 in delinquent contributions for the

        period of January 2005 through March 31, 2007, including liquidated damages

        and interest in the amount of $47,380.66 and attorney fees and costs.

    c.  Major Legal Issues. The legal issues include whether the Defendant complied with its obligations under ERISA to both pay proper contributions and maintain sufficient books and records to determine compliance with its obligation under the collective bargaining agreement and trust agreements.

    d.  Major Factual Issues.  The Plaintiffs' claim is premised upon an audit of the Defendant's books and records conducted by James Egan & Associates for the period of January 2005 through March 31, 2007. The factual issues in dispute concern the type of work performed by several employees of the Defendant including the classifications of these workers and whether these individuals were covered under the collective bargaining agreement between the Defendant and the Union.

B.  Scheduling Order [Fed. Civ. P. 16(b)]

    a.  Rule 26 disclosures by August 1, 2008.

    b.  Join parties and amend pleadings by September 1, 2008.

    c.  Designation of Experts by October 1, 2008.

    d.  Completion of discovery November 1, 2008.

    e.  Filing dispositive motions by December 1, 2008.

C.  Trial Status

    a.  A Jury has not been requested.

    b.  Probable length of trail is five (5) days.

D.  Consent to Proceed Before a Magistrate Judge

    a.  At this point, the parties do not consent to proceed before the Magistrate Judge.

E.  Settlement Status

    a.  The parties have not engaged in settlement discussions. Settlement discussions are more likely to occur after the parties have engaged in initial discovery to resolve several factual issues which form the basis of the Plaintiffs' claim for damages.


For the Plaintiffs,

/s/ Terrance B. McGann
Terrance B. McGann
Whitfield McGann & Ketterman
111 E. Wacker Dr., Suite 2600
Chicago, IL  60601
(312) 251-9700

For the Defendant,

/s/ Steven A. Sigmond
Steven A. Sigmond
The Law office of Steven A. Sigmond
345 North Canal St., Suite 1208
Chicago, IL  60609
(312) 258-8188